**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

TERESA POWELL, :

Plaintiff, :

vs. : CA 19-0906-MU

ANDREW M. SAUL, :
Commissioner of Social Security,
:
Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Teresa Powell brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 22 (order of reference)). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] the Court concludes that the Commissioner's decision denying benefits should be affirmed.[2]

---

[1] The parties waived oral argument. (*See* Docs. 20 & 23).

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for
(Continued)

## I. Procedural Background

Plaintiff filed an application for disability insurance benefits on August 4, 2016, alleging disability beginning on July 23, 2016. (*See* Tr. 141-44). Powell's claim was initially denied on September 13, 2016 (Tr. 68 & 79-84) and, following Plaintiff's October 17, 2016 request for a hearing before an Administrative Law Judge ("ALJ") (Tr. 87; *see also* Tr. 88-89), a hearing was conducted before an ALJ on April 18, 2018 (Tr. 30-67). On October 31, 2018, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to social security benefits. (Tr. 10-20). More specifically, the ALJ determined at the fifth step of the five-step sequential evaluation process that Powell retains the residual functional capacity to perform those sedentary jobs identified by the vocational expert ("VE") during the administrative hearing. (Tr. 13-19; *compare id. with* Tr. 64-65). On December 26, 2018, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see* Tr. 240-42); the Appeals Council denied Powell's request for review on October 3, 2019 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to gout; sacralization, anterolisthesis, disc protrusions, desiccation and facet arthropathy of the lumbar spine; cervicalgia status-post fusion; herniated lumbar disc; arthralgias; asthma; morbid obesity; and hypertension. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.    The claimant has the following severe impairments: gout; sacralization, anterolisthesis, disc protrusions, desiccation, and facet arthropathy of the lumbar spine; mild scoliosis; cervicalgia status/post fusion; herniated lumbar disc; arthralgia[s]; asthma;**

---

this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

**migraines; morbid obesity; and hypertension. (20 CFR 404.1520(c)).**

. . .

**4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

. . .

**5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant can lift and carry ten pounds, sit for six hours and stand/walk two hours per eight-hour workday. She should not push or pull arm, leg, or foot controls; she is unable to climb, crouch, kneel, or crawl; she can occasionally stoop; she is unable to perform overhead work; she can frequently handle, finger, and feel with bilateral upper extremities; she cannot tolerate exposure to extreme temperatures, wetness and humidity, noxious chemical fumes and gases; she cannot operate hazardous moving equipment, work at heights, or drive automotive equipment; she is limited to work involving simple, routine tasks with occasional changes in the work setting or duties due to deficits in concentration, persistence, or pace because of pain, side effects from medication, etc.**

. . .

**6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).**

. . .

**7. The claimant was born on January 27, 1970 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).**

**8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).**

**9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a**

> **framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**
>
> **10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404,1569 and 404.1569a).**
>
> . . .
>
> **11. The claimant has not been under a disability, as defined in the Social Security Act, from July 23, 2016, through the date of this decision (20 CFR 404.1520(g)).**

(Tr. 12-13, 13, 18, 18-19, 19 & 20 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

> to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[3] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed.

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Powell asserts but one reason the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence), namely, the ALJ erred in rejecting the opinions of consultative examiner Dr. Rex Harris. This argument, of course, focuses on the ALJ's determination that Powell has the residual functional capacity to perform a limited range of sedentary work.

At step four of the sequential evaluation process, the responsibility for making the residual functional capacity determination rests with the ALJ, *see, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."), who must "'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case." *Phillips, supra,* 357 F.3d at 1238 (alteration in the original), quoting 20 C.F.R. § 404.1520(e). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins, supra,* 457 Fed. Appx. at 870 n.5 (citing

20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)). In other words, a claimant's RFC is "the most [she] can still do despite" the limitations caused by her impairments. 20 C.F.R. 404.1545(a)(1). As part of this process, weighing the opinions of treating, examining, and non-examining physicians is often at the forefront. *See Kahle v. Commissioner of Social Security,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In general, "the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians are given more weight than those of physicians who examine but do not treat, and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." *McNamee v. Social Sec. Admin.,* 164 Fed.Appx. 919, 923 (11th Cir. Jan. 31, 2006). Indeed, "the ALJ must give the opinion of the treating physician 'substantial or considerable weight unless "good cause" is shown to the contrary.'" *Williams v. Astrue,* 2014 WL 185258, *6 (N.D. Ala. Jan. 15, 2014), quoting *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004) (other citation omitted); *see Nyberg v. Commissioner of Social Security,* 179 Fed.Appx. 589, 591 (11th Cir. May 2, 2006) (citing to same language from *Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1159 (11th Cir. 2004)).

> Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

*Gilabert v. Commissioner of Social Sec.*, 396 Fed.Appx. 652, 655 (11th Cir. Sept. 21, 2010) (per curiam). The "ALJ must state with particularity the weight given to different

medical opinions and the reasons therefor." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted).

The ALJ analyzed Dr. Harris' July 9, 2018 opinions—on a Physical Medical Source Statement—in the following manner:

> Dr. Harris's opinion is given little weight because it is inconsistent with his own findings from examination, showing full range of motion in most joints, normal muscle strength, and normal sensation. Additionally, Dr. Harris's opinion is not supported by other evidence in the record, including the nerve conduction studies, the findings that the claimant has a normal gait and station, and the claimant's own statements that she can shop and prepare simply meals, as discussed in more detail below. Moreover, Dr. Harris stated that the limitations assessed were based on the claimant's hand and back pain, and he did not note exam findings or other objective evidence to support [] the limitations. Although the evidence supports the limitation to sedentary work as described in the residual functional capacity, the objective findings from examination and testing along with the type and amount of treatment prescribed do not support the degree of limitations assessed by Dr. Harris.

(Tr. 16).

This Court finds that the ALJ articulated adequate reasons for giving Dr. Harris' opinions less weight. Initially, the Court finds nothing improper about the ALJ's observation that "Dr. Harris stated that the limitations assessed were based on the claimant's hand and back pain, and he did not note exam findings or other objective evidence to support the limitations." (Tr. 16). While this statement appears to be the focus of Plaintiff's attack (*compare* Doc. 15 *with* Doc. 18), the Court appreciates this observation for what it is and that is a comment directed to the contents and four corners of the Physical Medical Source Statement (*compare id. with* Tr. 506-11) to the exclusion of Dr. Harris' examination report (*see* Tr. 502-03). And looking at that Physical Medical Source Statement, Dr. Harris indeed references only hand and back pain as support for the limitations he check-marked. (Tr. 506-11). Therefore, the ALJ's

observation is correct and since Plaintiff does not attack the ALJ's credibility determination and Dr. Harris did not "quantify" the pain, the undersigned cannot find fault with the ALJ's observation in this regard.

In addition, like the ALJ, this Court too finds Dr. Harris' opinions unsupported by many of his own examination findings. (*Compare* Tr. 16 ("[I]t is inconsistent with his own findings on examination, showing full range of motion in most joints, normal muscle strength, and normal sensation.") *with* Tr. 502-03 ("There is full range of motion of neck. There is full range of motion of the shoulder, elbows, wrist, and fingers. Poor effort was made to make a fist bilaterally. Grip strength is 2/5 bilaterally. Pinch strength is 2/5 bilaterally. No evidence of redness, swelling, deformity, tenderness of finger joints or wrist. Reflexes are 1+ and equal bilaterally. Sensation is normal in the upper extremities. Lumbar flexion is 70 degrees, extension is 10 degrees, and lateral motion is 10 degrees. There is full range of motion of the hips. There is tenderness to palpation left knee. There is valgus deformity of both knees. There is no evidence of heat, redness or effusion in either knee joint. There is full range of motion of both ankle joints. Reflexes are hypoactive in the lower extremities. Sensation is normal in the lower extremities. The claimant cannot toe and heel walk nor can she squat and rise. Gait is slow but normal.")). Indeed, overall, Dr. Harris' findings are relatively benign and do not support the limitations set forth on his Physical Medical Source Statement. Accordingly, the Court turns to those examination findings made by Dr. Harris which Plaintiff claims support at least some of the limitations set forth on the Medical Source Statement. In this regard, Plaintiff contends that Harris' examination findings of bilateral grip strength of 2/5 and pinch strength of 2/5 support the examiner's opinion that Plaintiff can only

occasionally handle, finger and feel. (*See* Doc. 18, at 2). In addition, Plaintiff argues that Dr. Harris' findings of decreased range of motion of the lumbar spine and inability to toe and heel walk or squat and rise support the examiner's opinions/limitations reflecting that she can only occasionally operate foot controls and can never climb, balance, stoop, kneel, crouch, and crawl. (*Id.*).[5]

Dr. Harris' grip and pinch strength findings might well have "carried the day" with respect to his Medical Source Statement opinion that Plaintiff can only occasionally handle, finger and feel had this evidence been the sole relevant evidence of record. However, it is not even the entire picture as far as Dr. Harris is concerned. Indeed, the examiner's specific observation on physical examination that Plaintiff made "[p]oor effort . . . to make a fist bilaterally[]" begs the question of whether the grip and pinch strength findings are valid. More importantly, Dr. Harris' examination findings and any resulting limitations relative to Plaintiff's hands are contrary to the other evidence of record, including, as noted by the ALJ (Tr. 16), the nerve conduction studies. A mere two weeks after Dr. Harris examined Plaintiff and produced his Medical Source Statement (*see* Tr. 502-11 (examination and statement completed on July 9, 2018)), Plaintiff was seen by Dr. Walid Freij, a neurologist, who examined her and performed nerve conduction studies (*see* Tr. 496-500 (test date of July 23, 2018)). Dr. Freij's examination revealed motor power of 5/5 all over, DTR's 2 in upper and lower extremities, and sensory testing was normal for light touch and pin prick. (*Id.* at 496). As well all nerve conduction

[5] The Court finds that Plaintiff has otherwise conceded that the ALJ correctly found that Dr. Harris' examination findings, along with the remaining evidence of record, do not support any of the remaining limitations noted by Dr. Harris on the Physical Medical Source Statement (particularly, the lifting and carrying, sitting, standing and walking limitations).

studies were within normal limits, with all F wave latencies being within normal limits and all examined muscles showing no evidence of electronic instability. (*Id.; see also id.* at 497-98). Dr. Freij's impression was recorded, as follows: "Normal electrodiagnostic study of both upper limbs. There is no electrodiagnostic evidence of carpal tunnel syndrome, ulnar, or radial neuropathy on either side. There is no evidence of cervical radiculopathy involving upper extremities." (Tr. 496). Thus, the ALJ is correct that Dr. Freij's nerve conduction studies do not support the opinions of Dr. Harris, specifically the limitation to occasional handling, fingering and feeling. And this constitutes an adequate reason, standing alone, for giving Dr. Harris' opinion in this regard less weight.[6]

This Court agrees with Plaintiff that Dr. Harris' findings of decreased range of motion of the lumbar spine and inability to toe and heel walk or squat and rise could support the examiner's opinions/limitations reflecting that she can only occasionally operate foot controls and can never climb, balance, kneel, crouch, and crawl, because these limitations are almost identical to the RFC findings made by the ALJ. Indeed, the ALJ actually indicated that Plaintiff can never push and pull foot controls (Tr. 13), which is obviously more limiting than even Dr. Harris indicated (*compare id. with* Tr. 508 (indicating plaintiff can occasionally use her feet to operate foot controls)). Otherwise, the limitations identified are the same (*compare* Tr. 13 (ALJ determined plaintiff is unable to climb, crouch, kneel, or crawl) *with* Tr. 509 (Dr. Harris' postural limitations reflect that Plaintiff can never climb, balance, kneel, crouch, or crawl)), save with

[6] Additionally, Dr. Freij's studies and examination supply substantial support for the ALJ's determination that Plaintiff can frequently handle, finger and feel with the bilateral upper extremities.

respect to Plaintiff's ability to stoop, Dr. Harris indicating Plaintiff can never stoop (Tr. 509) while the ALJ found Plaintiff can occasionally stoop (Tr. 13). However, nothing about Dr. Harris' examination findings related to the back—specifically, the limited range of motion of the lumbar spine—would even begin to suggest that Powell can ***never*** stoop, a motion which has been identified in Social Security Ruling 83-14 as "'bending the body downward and forward by bending the spine at the waist.'" *Young v. Astrue,* 2012 WL 3962399, *8 n.4 (S.D. Fla. Sept. 10, 2012), quoting SSR 83-14. The ALJ's limitation to occasional stooping, on the other hand, is supported by substantial record evidence, including x-ray and MRI studies (*see* Tr. 294-95) and evidence from elsewhere in 2018 revealing plaintiff to be in no acute distress with only mild tenderness over the L5 (Tr. 493) or, otherwise, some limited range of motion but ambulating normally with a normal gait and station and no sensory or motor deficits (*compare* Tr. 411 *with* Tr. 477).

To the extent Dr. Harris' noted limitations are more severe than those found by the ALJ—with respect to use of the hands and the postural activity of stooping—the Court finds that the reasons identified in the ALJ's decision are adequate for giving Dr. Harris' opinions less weight. Moreover, the undersigned would simply observe (as a general matter) that nothing contained in Dr. Harris' examination notes are reflective of the dire situation described in his Physical Medical Source Statement.[7] As well, the Court need agree with the ALJ's own observation that "[a]lthough the evidence supports the limitation to sedentary work . . ., the objective findings from examination and testing

---

[7] After all, Dr. Harris certainly offered no opinion that Powell should have back surgery.

along with the type and amount of treatment prescribed do not support the degree of limitations assessed by Dr. Harris." (Tr. 16).[8] Therefore, the Court finds that the ALJ decision to afford "little" weight to Dr. Harris' Physical Medical Source Statement is supported by substantial evidence.

Just as the Eleventh Circuit does not "second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it[,]" *Hunter v. Social Sec. Admin., Commissioner,* 808 F.3d 818, 823 (11th Cir. 2015), *cert. denied,* ___ U.S. ___, 136 S.Ct. 2487, 195 L.Ed.2d 823 (2016), so too this Court will not second guess the ALJ about the weight a one-time consultative examiner's opinion deserves so long as she articulates a specific justification for the weight so accorded. *See id.* Here, as reflected above, the ALJ in this case articulated legitimate reasons for discounting many of Dr. Harris' opinions about Powell's physical limitations. And because Plaintiff raises no other claims of error, the Court finds that the Commissioner's final decision denying Powell benefits is due to be affirmed.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying

---

8 As for Plaintiff's daily activities (*see* Tr. 16 (the ALJ did note that Dr. Harris' opinions were not supported by Plaintiff's own statements that she can shop and prepare simple meals)), the undersigned would simply note that Plaintiff cannot take issue with the ALJ's observation that she can shop and prepare simple meals since that is what she reported to the Administration in August of 2016 (*see* Tr. 195, 197 & 198). And regardless of whether this daily activity evidence is totally inconsistent with all of Dr. Harris' opinions, it is certainly consistent with the range of sedentary work the ALJ found Powell can perform.

Plaintiff disability insurance benefits be affirmed.

**DONE** and **ORDERED** this the 2nd day of July, 2020.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**